Daniel, J.
A demurrer to an entire declaration, whether general or special, raises the question, whether or no there be matter in the declaration sufficient to maintain the action. If the declaration contain several *134 counts, and any one be good, it follows that there is matter enough to maintain the action; and upon an issue joined on such demurrer, judgment would be necessarily given for the plaintiff. The same rule applies there is a demurrer to a single count containing several breaches, any one of which is well assigned; or to a demurrer to a single count containing a demand of several matters which in their nature are divisible, and any one of which is well claimed. Whether the ground be, that one of several counts, or that one of several breaches, or that part of the plaintiff’s demand of a distinct and divisible nature is bad, in every of these cases, the defendant should demur to that count, or to that breach, or to that part of the demand, as the case may be, which is bad. In no case can he demur to the whole, and ask that judgment be given in his favour in part only. When the demurrer is, in terms, a demurrer to the whole declaration, a statement, as special cause, that one of the counts, or breaches, or parts, in the cases just supposed, is bad, does, in no respect, narrow the question for the decision of the Court; and if there be matter enough in the declaration to maintain the action the demurrer must be entirely overruled. 1 Rob. Pr. 282-3; Powdick v. Lyon, 11 East’s R. 565; Woodford’s heirs v. Pendleton, 1 Hen. & Munf. 303; Martin v. Sturm, 5 Rand. 693; Power v. Ivie, 7 Leigh 147; Hollingsworth v. Milton, 8 Leigh 50. Where a misjoinder of actions is stated as the cause of demurrer, the objection, if good, goes to the whole declaration. In such case the objection is no more applicable to any one count or part of a count, than to any other; and if sustained, shews that the whole declaration is bad. The decision of the question, whether there be a misjoinder or no, depends, however, on the form of the action, as if, for instance, a cause of action which ought to be laid in assumpsit, be improperly laid in case, and joined with a count in trover, no objection can be taken *135 with effect on the ground of misjoinder, hut only the particular defective count, should be demurred to. 1 Chitty’s Plead. 228; Samuel v. Judin, 6 East R. 333, 336. The declaration in this case demands the sum of five hundred and sixty-nine dollars and eighty-five cents, the said sum being the aggregate averred to be due by two single bills, by the first of which the defendant bound himself it is alleged, to pay to the plaintiff, one hundred dollars in cash, and eighty-five dollars in good cash notes; and by the second of which, the defendant bound himself to pay to the plaintiff the sum of three hundred and eighty-four dollars and eighty-five cents, the residue of the sum demanded; and the breach assigned is, that “the defendant has not paid the said several parcels of the said sum of 569 dollars and 85 cents, or any or either of them, or any part thereof, in money or good cash notes.” The defendant filed, at rules, in the office, a demurrer to the whole declaration, and stated four several causes of demurrer. Of these, the second cause stated is “ because debt cannot be maintained upon the 85 dollars to be paid in cash notes.”
As the debt demanded in the declaration consists of two several parcels, which are divisible, one of which, to wit, that evidenced by the single bill for three hundred and eighty-four dollars and eighty-five cents, is, by the pleading, admitted to be well claimed, the legal question sought to be raised by this cause of demurrer, is not properly presented. The question could only arise on a demurrer confined to so much of the declaration as relates to the first single bill therein recited. The first cause of demurrer stated is “that the declaration is double in blending matters of debt with covenant as to the charge of 100 dollars in cash and 85 dollars to be paid in cash notes:” and the third, because “ debt and covenant cannot be joined in the same action.” It will be seen that the declaration is, throughout, in all its parts, in form a declaration in debt. *136 These causes of demurrer therefore must be governed by the same rules of pleading that have been applied to the second. The objections sought to be presented to the consideration of the Court, could only be taken with effect by demurring to the parts of the declaration relating to the first single bill, on the ground that the declaration thereon, was, as to the 85 dollars to be paid in cash notes, in form a declaration in debt, when the proper form for so much of the demand was covenant. The objections cannot be considered on a demurrer to the whole declaration. I have already expressed the opinion that the debt demanded in the declaration consists of parcels, in their nature divisible. I therefore regard the objection to the conclusion of the declaration, taken in the fourth and last cause of demurrer stated, as untenable. For these reasons, I am of opinion that the Circuit court properly overruled the defendant’s demurrer.
No oyer of the papers declared on having been craved, the defendant, on the trial, moved the Court to withhold from the jury the single bill for one hundred and eighty-five dollars. The motion was overruled, and a bill of exceptions to the opinion of the Court taken.
The counsel for the appellant in his written notes of argument, assigns two reasons for reversing the opinion of the Court, in permitting the paper in question to go to the jury. First, that the declaration recites a bond by which the defendant binds himself whilst the paper produced on the trial was a bond by which he binds his heirs alone ; and it is argued that such an instrument is wholly inoperative and void. Secondly, that if the instrument offered in evidence does import a personal obligation on the defendant, it binds the heir, also, and that there is therefore a variance, inasmuch as the declaration recites said instrument as a bond, binding “himself” (the defendant) only.
*137 In support of the first proposition, authorities have been cited, declaring the general proposition, that if a man make a feoffment in fee, and bind his heirs, and not himself, to warranty, or bind his heirs, and not himself, by bond, to pay a sum of money, the warranty and bond are respectively void. Whether this may, or may not be a rule of the common law universally applicable to instruments in which it is the plain and manifest intention of the persons executing them to bind their heirs only, I do not deem it necessary to enquire. The instrument in question, is one by which the defendant, for value received, expressed on its face, proceeds in terms, to bind his heirs, on the first of March next ensuing its date, to pay, &c. 100 dollars in cash, and 85 dollars in cash notes then due; and is dated 2d September 1837. It is not fair to presume that the defendant intended to execute a void paper, or that the parties to the instrument anticipated the death of the defendant before the time stipulated for the payment of the money and the delivery of the notes. Giving to the instrument the benefit of the familiar maxim, ut res magis valeat quam pereat, and of such a construction as will, in all reasonable probability, effectuate the intention of the parties, I feel well warranted in regarding the payment of the money and the delivery of the notes as a duty or obligation to the discharge of which the defendant intended to bind himself personally, and am of opinion that the evidence of this intention is so manifested on the face of the paper as to make the same, in legal contemplation, the bond of the defendant. I am therefore further of opinion, that the first reason assigned by the defendant, does not present any valid, objection to the course of the County court in permitting the bond to go to the jury. I am also of opinion, that in reciting the paper in question in the declaration, it was only necessary to set it out according to its legal effect; and that as there was nothing in it *138 to qualify the obligation of the defendant, and the suit thereon was against him only, it was only necessary so to describe it, as to shew that he was bound; and that, therefore, no variance arises from the fact that the declaration recites a bond binding the defendant, and that the bond offered in evidence, is one binding the defendant and his heirs. I am therefore of opinion, that the County court did not err in permitting the bond to be given in evidence on the trial.
I can perceive no error in the proceedings, and am of opinion to affirm the judgment, with costs.
Allen and Baldwin, J’s concurred in the opinion of Daniel, J.
Judgment affirmed.